PROVIDED TO GLADES
CORRECTIONAL INSTITUTION
ON 2/17/2009 BA
FOR MAILING

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

## PETITION UNDER 28 U.S.C. § 2254 BY A PERSON IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

| UNITED STATES DISTRICT COURT | Division: GAINESVILLE | |
|---|---|---|
| Name of Petitioner: BRIAN PATRICK HERLIHY | Prisoner No.: G06137 | Case No. (to be assigned by Clerk): 1:09-CV-52-MMP/AK |
| Place of Confinement (include address): GLADES WORK CAMP, 2600 N. MAIN STREET, BELLE GLADE, FL 33430-5314 | | |
| NAME OF PETITIONER (include aliases) BRIAN PATRICK HERLIHY | v. | NAME OF RESPONDENT (authorized person having custody of petitioner) WALT MCNEIL, STATE OF FLORIDA |
| ATTORNEY GENERAL OF THE STATE OF: (State in which challenged judgment was entered) | | FLORIDA |

### PETITION

1. Name and location (circuit and county) of court which entered the judgment of conviction/sentence under attack: THE EIGHTH JUDICIAL CIRCUIT COURT IN AND FOR ALACHUA COUNTY, FLORIDA

2. Date of judgment (conviction/sentence): SEPTEMBER 25, 2002 / NOVEMBER 8, 2002

3. Length of sentence: (15) YEARS

4. Nature of offenses involved (all counts): AGGRAVATED CHILD ABUSE, FIRST-DEGREE MURDER

5. What was your plea? (Check one)
   (a) Not Guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

U.S. DISTRICT CT.
NORTHERN DIST. FLA.
GAINESVILLE

09 FEB 20 AM 11: 21

FILED

1

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: _____

_____

_____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury           ☑
   (b) Judge only     ☐

7. Did you testify at the trial?
      Yes ☐     No ☑

8. Did you appeal from the judgment of conviction?
      Yes ☑     No ☐

9. If you did appeal, answer the following:

   (a) Name of Court: FIRST DISTRICT COURT OF APPEAL IN FLORIDA

   (b) Result: AFFIRMED WITHOUT OPINION

   (c) Date of opinion and mandate (include So.2d citation, if known): November 3, 2004 -
   MANDATE ISSUED - November 19, 2004 (887 So. 2d 332)

   (d) Did you file a petition for rehearing?
         Yes ☑     No ☐
   If yes, give the result and date of the result: DENIED, November 19, 2004

   _____

   (e) Did you file petition for writ of certiorari?
         Yes ☐     No ☑
   If yes, give the result and date of the result: _____

   _____

10. Other than the direct appeal, have you previously filed any petitions, applications, or motions with respect to this judgment in state court?
      Yes ☑     No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court: CIRCUIT COURT OF THE EIGHTH JUDICIAL COURT
       (2) Date filed: AUGUST 10, 2005 (Appendix to Rule 3.850 filed August 25, 2006)
       (3) Nature of proceeding (Fla.R.Crim.P. 3.850, habeas corpus, etc.): Fla. Rule 3.850
       AND APPENDIX IN SUPPORT OF Rule 3.850.

   _____

2

(4) Grounds raised: RULE 3.850 - (1) FAILURE OF TRIAL COUNSEL TO REQUEST A HEARING UNDER Frye v. United States TO DETERMINE ADMISSIBILITY OF MEDICAL DIAGNOSIS. ON APPENDIX, - (1) TRIAL COUNSEL FAILED TO CONDUCT REASONABLE PRETRIAL INVESTIGATION BY FOLLOWING UP ON KEY INFORMATION PRESENTED BY MEDICAL EXPERT. (2) TRIAL COUNSEL FAILED TO CALL POLICE OFFICER AS DEFENSE WITNESS FOR PURPOSE OF IMPEACHMENT OF STATE WITNESS.

(5) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☑

(6) Result: _____

(7) Date of result: _____

(b) Did you appeal the result?
Yes ☑   No ☐

If yes, give the result and date of the opinion and mandate (include So.2d citation, if known): DENIED WITHOUT COMMENT - DECEMBER 22, 2008.

(c) If you did *not* appeal the result, explain briefly why you did not: _____

12. Did you file any other petitions or motions in state court aside from those described above?
Yes ☐ No ☑

if yes, set forth on a separate sheet of paper the same information (as requested in 11(a)-(c)) as to the other petitions or motions.

13. Have you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?
Yes ☐ No ☑

If yes, provide the name of the court, case number, and result (including the result of any appeal):

_____
_____
_____

3

14. In the spaces below, set forth all grounds on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. You must provide a summary of <u>specific facts</u> in support of each ground raised. Even if you file a separate memorandum of law, the facts <u>must</u> be set forth on this petition form. If necessary, you may attach pages setting forth additional grounds and supporting facts.

**Caution:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. Ground one: TRIAL COURT ERRED IN RULING DEFENSE COUNSEL "OPENED THE DOOR" DURING CROSS EXAMINATION OF STATE WITNESSES, THEREBY VIOLATING MOTION IN LIMINE

Supporting FACTS (state *briefly* without citing cases or law): PRIOR TO TRIAL, TRIAL COURT GRANTED DEFENSE MOTION IN LIMINE TO PROHIBIT THE STATE FROM ELICITING IN ITS CASE-IN-CHIEF VARIOUS STATEMENTS DEFENDANT ALLEGEDLY MADE REGARDING HIS EMPLOYMENT AND OTHER AREAS.

Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
Yes ☒  No ☐
If yes, explain how it was raised; if no explain why it was not raised: RAISED VIA INITIAL BRIEF TO FIRST D.C.A.

B. Ground two: FAILURE OF TRIAL COUNSEL TO REQUEST A HEARING UNDER FRYE V. UNITED STATES TO DETERMINE ADMISSIBILITY OF MEDICAL DIAGNOSIS OFFERED BY STATE WITNESSES.

Supporting FACTS (state *briefly* without citing cases or law): COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A FRYE HEARING PRIOR TO ADMISSION OF OPINION EVIDENCE ON CONTROVERSIAL THEORY OF SO-CALLED "SHAKEN BABY SYNDROME". SIGNIFICANT DISPUTED SCIENTIFIC EVIDENCE WAS PRESENTED AT TRIAL EXPLAINING THE "THEORY" OF THE SHAKEN BABY SYNDROME.

Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
Yes ☒  No ☐

4

If yes, explain how it was raised; if no explain why it was not raised: APPELLATE COUNSEL CITED CASE LAW - MATOS v. STATE, 30 FLA. LAW WEEKLY D859a (FLA. APP. 4th DIST. 2005) AND BRIM v. STATE, 695 So. 2d 268, 272 (FLA 1997)

C. Ground three: FAILURE OF DEFENSE COUNSEL TO CONDUCT REASONABLE PRETRIAL INVESTIGATION WHICH WOULD HAVE PRESENTED EVIDENCE OF CAUSATION OF DEATH, DEPRIVED DEFENDANT OF FAIR TRIAL.

Supporting FACTS (state *briefly* without citing cases or law): DEFENDANT SUBMITS THAT REASONABLE MEDICAL EVIDENCE OF CAUSATION OF DEATH WAS PROVIDED TO DEFENSE COUNSEL, GORDON GROLAND IN NOVEMBER OF 2000. IN NOVEMBER OF 2000, DEFENDANT'S MOTHER RECEIVED A SEVEN PAGE REPORT PROVIDING AN OPINION TO THE EFFECT THAT THE CHILD'S DOUBLE VACCINATION WAS A KEY FACTOR IN HIS DEATH.

Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
Yes ☑ No ☐
If yes, explain how it was raised; if no explain why it was not raised: VIA APPENDIX TO SUPPORT OF RULE 3.850 ON AUGUST 25, 2006 AS GROUND (1).

D. Ground four: COUNSEL FAILED TO PRODUCE DETECTIVE WEAVER AS DEFENSE WITNESS TO IMPEACH DETECTIVE LEGALL & PROVE THAT NO INCULPATORY STATEMENT WAS MADE BY DEFENDANT WHILE BEING TRANSPORTED.

Supporting FACTS (state *briefly* without citing cases or law): AT DEPOSITION, DETECTIVE WEAVER TESTIFIED THAT WHILE HE DID TRANSPORT DEFENDANT & DETECTIVE LEGALL, HE WAS NOT ASKED TO PULL OVER; NOR DID HE PULL OVER. DETECTIVE WEAVER TESTIFIED HE DID NOT OVERHEAR ANY SUCH CONVERSATION. DETECTIVE WEAVER WAS AVAILABLE & WILLING TO TESTIFY. HAD COUNSEL PRODUCED DETECTIVE WEAVER AS A DEFENSE WITNESS, DETECTIVE LEGALL WOULD HAVE THOROUGHLY IMPEACHED

Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
Yes ☑ No ☐
If yes, explain how it was raised; if no explain why it was not raised: ALSO RAISED IN APPENDIX IN SUPPORT OF RULE 3.850 ON AUGUST 25, 2006 AS GROUND (2).

5

E.   Set forth additional grounds, if any, on separate sheets of paper.

15. What relief do you seek from this Court if your § 2254 petition is granted? DEFENDANT PRAYS THAT THE STATE OF FLORIDA BE ORDERED TO SHOW CAUSE, AND MORE IMPORTANTLY, THAT A HEARING BE CONDUCTED AT WHICH DEFENDANT CAN PRESENT EVIDENCE AND THAT A NEW TRIAL BE AWARDED.

Wherefore, petitioner prays that the Court grant all relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct. Executed on:

2/16/2009
(Date)

_____
Signature of Petitioner

IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
☒ delivered to prison officials for mailing, or ☐ deposited in the prison's internal mail system on:

2/16/2009 _____ (date).

_____
Signature of Petitioner

Revised 07/02

BRIAN HERLIHY # G06137
GLADES WORK CAMP
2600 N. MAIN STREET
BELLE GLADE, FL 33024-3214

**MAILED FROM A STATE CORRECTIONAL INSTITUTION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
401 SOUTHEAST 1ST AVENUE, ROOM #243
GAINESVILLE, FLORIDA
32601

LEGAL MAIL