# EXHIBIT W

202-1-1781
F

# In the District Court of Appeal
### FIRST DISTRICT
## of Florida

BRIAN PATRICK HERLIHY
        Appellant,

CASE NUMBER   2000-2753-CFA

APPEAL NUMBER 1D02-4788

v.

VOLUME XXIII

STATE OF FLORIDA
        Appellee,

## TRANSCRIPT
## RECORD

**HONORABLE MARTHA ANN LOTT**
ACTING TRIAL JUDGE

APPEAL FROM THE CIRCUIT COURT
8th JUDICIAL CIRCUIT FOR
ALACHUA COUNTY, FLORIDA

**FOR APPELLANT**
HONORABLE C. RICHARD PARKER
PUBLIC DEFENDER
POST OFFICE BOX 2820
GAINESVILLE, FLORIDA 32602

**FOR APPELLEE**
HONORABLE CHARLIE CRIST
ATTORNEY GENERAL'S OFFICE
THE CAPITOL
DEPARTMENT OF LEGAL AFFAIRS
CRIMINAL APPEAL SECTION
TALLAHASSEE, FLORIDA 32399-1050

I:\USERS\YMC\Word\YVONNE\Circuit Criminal Documents\COV-SH.TRANS.FEL.doc

202-1-17814

IN THE CIRCUIT COURT OF FLORIDA
EIGHTH JUDICAL CIRCUIT
IN AND FOR ALACHUA COUNTY

CASE NO: 01-2000-CF-2753-A

TRANSCRIPT ON APPEAL
VOLUME XX
(Pages 2433 - 2534)
2512
Volume XXIII
1002-4788

STATE OF FLORIDA

vs.

BRIAN PATRICK HERLIHY,

       Defendant.

COPY

_____/

| | |
|---|---|
| Proceedings: | Jury trial |
| Before: | The Honorable Martha Ann Lott Circuit Judge |
| Date: | September 25, 2002 |
| Time: | 9:00 a.m. |
| Place: | Courtroom 4-A<br>Alachua County Courthouse<br>Gainesville, Florida |
| Reporter: | Stacey K. Bryant, RPR<br>Judicial Court Reporter |

05-14-2003

APPEARANCES:

    Jeanne Singer, Assistant State Attorney
    Stephen Pennypacker, Assistant State Attorney
    120 W. University Avenue
    Gainesville, Florida 32608
       Appearing on behalf of the State of Florida

    Gordon Groland, Esquire
    John Tedder, Esquire
    Post Office Box 2848
    Gainesville, Florida 32602
      Attorneys for defendant

# INDEX TO PROCEEDINGS

VERDICT: .................................................. 2526

MOTION FOR JOA NOTWITHSTANDING VERDICT: ............. 2531

DENIAL OF JOA MOTION: ............................... 2531

```
                      P R O C E E D I N G S
                            * * * * *
         (Outside the presence of the jury.)
         THE COURT:  Mr. Groland, do we need to wait for
Mr. Tedder?
         MR. GROLAND:  He is in the courthouse, your Honor,
just one moment, please.
         THE COURT:  Sure.
         MR. GROLAND:  Your Honor, may I just run out in
the hall?
         THE COURT:  Yes.
         (Pause in the proceedings.)
         THE COURT:  All right.  I understand we have a
verdict.
         MR. BAILIFF:  Yes, your Honor.
         THE COURT:  Is there anything we need to put on
the record before the jury comes back in?
         MR. GROLAND:  No, ma'am.
         MS. SINGER:  Nothing from the state, your Honor.
         THE COURT:  I do need the state and defense to
know that the jurors have delivered a comment that will
be, of course, available for you to review, but it's
nothing we need to address.  It's simply thanking the
court officials for the courtesies that has been
extended to them.  I have filed it in the court file.
```

1       All right.  Bring the jury in.

2       Wait just one second.

3       Ladies and gentlemen, I do understand, for those
4  of you who are in attendance, that this is a trial that
5  has a lot of emotional impact for many of you who have
6  been watching.  If there is anybody here, now that we
7  have the verdict, who feels like there might be any
8  chance that you will not be able to maintain your
9  composure, no matter what the verdict is, and, of
10 course, we have no way of knowing that, then I'm gonna
11 ask that you step outside the courtroom and have
12 somebody come out and talk to you once the verdict is
13 rendered.

14      So long as everybody in the courtroom feels
15 confident that they can maintain their composure, of
16 course you may stay.

17      Is there anybody who has any question about their
18 ability to remain calm?  And, if so, I'll give you time
19 to go ahead and leave.

20      All right.  Good enough.  Go ahead and ask the
21 jury to come in.

22      (The jury is in the jury box and seated.)

23      THE COURT:  Ladies and gentlemen, this is the
24 first time that we have convened today, and, of course,
25 I know you deliberated late into last night and then

1   came back and reconvened for your deliberations this
2   morning and into this afternoon.
3       I need to ask you, as I have every day, is there
4   anybody on the jury that during the recess or during
5   the sequestration in any way received any information,
6   or comment, or communication regarding this case,
7   outside what you've heard in evidence in the courtroom?
8       THE JURY: No.
9       THE COURT: Good enough. Thank you.
10      Have you been able to reach a verdict?
11      JUROR RAMSEY: We have, your Honor.
12      THE COURT: Good enough. If you'll hand the
13  verdict form to the bailiff, please.
14      Mr. Clerk, would you publish the verdict?
15      THE CLERK: Yes, your Honor.
16      In the Circuit Court of the Eighth Judicial
17  Circuit in and for Alachua County, Florida, case number
18  2000-2753-CFA, State of Florida, plaintiff, vs. Brian
19  Patrick Herlihy, defendant. Verdict: We, the jury,
20  find as follows as to the defendant, Brian Patrick
21  Herlihy, in this case, the defendant, Brian Patrick
22  Herlihy is guilty of manslaughter, a lesser-included
23  offense.
24      So say we all, this 25th day of September, 2002,
25  at Gainesville, Alachua County, Florida. Foreperson

```
 1    Jack Ramsey.
 2         THE COURT:  Does either the state or the defense
 3    wish for the jurors to be polled?
 4         MR. GROLAND:  Yes.
 5         MR. TEDDER:  Yes, ma'am.
 6         THE COURT:  Mr. Clerk, would you please poll each
 7    of the jurors?
 8         THE CLERK:  Yes, your Honor.
 9         Ms. Walker, is this your true verdict?
10         JUROR WALKER:  Yes.
11         THE CLERK:  Mr. Clark, is this your true verdict?
12         JUROR CLARK:  Yes.
13         THE CLERK:  Ms. Currier, is this your true
14    verdict?
15         JUROR CURRIER:  Yes.
16         THE CLERK:  Mr. Moran -- or Ms. Moran, is this
17    your true verdict?
18         JUROR MORAN:  Yes.
19         THE CLERK:  Mr. Ramsey, is this your true verdict?
20         JUROR RAMSEY:  Yes.
21         THE CLERK:  Ms. Perry, is this your true verdict?
22         JUROR PERRY:  Yes, it is.
23         THE CLERK:  Ms. Monplaiser, is this your true
24    verdict?
25         JUROR MONPLAISER:  Yes.
```

```
 1              THE CLERK:  Ms. Cumbaa, is this your true verdict?
 2              JUROR CUMBAA:  Yes.
 3              THE CLERK:  Mr. Smith, is this your true verdict?
 4              JUROR SMITH:  Yes.
 5              THE CLERK:  Mr. Cartell, is this your true
 6   verdict?
 7              JUROR CARTELL:  Yes.
 8              THE CLERK:  Mr. Harrington, is this your true
 9   verdict?
10              JUROR HARRINGTON:  Yes.
11              THE CLERK:  Ms. Pena, is this your true verdict?
12              JUROR PENA:  Yes.
13              THE COURT:  Good enough.
14              Ladies and gentlemen, of course, this has been a
15   very long trial.  Your deliberations were very long.
16   There is no doubt that you put tremendous effort and
17   concentration into this and I want you to know that we
18   all appreciate all of your efforts in this regard.  And
19   as you all know as citizens, our entire system of
20   justice could not work, and would not work if citizens
21   were not willing and able to put the time and effort
22   that you all have put into this trial in order to reach
23   a just and lawful verdict.
24              With that, I'm going to release you with one final
25   instruction.  Your deliberations are entirely your
```

```
 1    business.  You are free at this point to discuss them
 2    with anyone you choose, and no one can require you to
 3    discuss them, so it is totally at your option and
 4    totally within your discretion how you may handle any
 5    comment by family members or some interested person
 6    from this point on.
 7          Because, as you know, this case has created some
 8    interest in the media, and certainly, as you know,
 9    we've had a number of people who have been here
10    throughout the trial.  Just for your comfort and
11    convenience, I am going to ask that you be escorted so
12    that you will, of course, maintain your privacy, and
13    I'm gonna ask that once you collect your personal
14    property, the bailiffs escort you down this hall right
15    behind me while court is still in session.
16          So if you have any personal property remaining in
17    the jury room -- and, of course, that would include
18    your notebooks, if you wish to retrieve them, otherwise
19    they will be destroyed -- then you may do so and with
20    our thanks.
21          Thank you very much.
22          (The jury was excused.)
23          THE COURT:  Is either the state or the defense
24    requesting that we proceed with sentencing at this
25    time?
```

1    MS. SINGER: I don't believe we can, your Honor.
2    I believe that Mr. Herlihy would be entitled to a
3    presentence investigation, unless the defense wishes to
4    waive it at this time.
5    MR. GROLAND: We do not. We do not waive it. We
6    will ask for PSI.
7    THE COURT: Good enough. I'll order it.
8    MR. GROLAND: We also want to ask the Court to set
9    this matter, sooner than sentencing, regarding the
10   issue of bond. Right now he's being held on a
11   1 million-dollar bond, which is essentially no bond at
12   all, which was set when he was charged with first
13   degree murder. I'm not asking this Court to address
14   that issue at this time. Rather, I'm just asking for a
15   date, either later this week or early next week, when
16   we can, both sides, approach the Court and discuss the
17   issue of bond now, perhaps even a supercedeus bond can
18   be addressed at that time as well. And in the meantime
19   we're asking for a PSI. We're also moving orally on
20   the record at this time for a judgment notwithstanding
21   the verdict, a judgment, a JOA notwithstanding the
22   verdict.
23   THE COURT: Okay. Judgment of JOA, or judgment
24   notwithstanding the verdict is denied. Of course, any
25   motion you file I will entertain. Once you file it, we

```
 1    will schedule it.  And I will tell you that there would
 2    be time available next week for hearing on whatever
 3    matters might arise.
 4         MR. GROLAND:  Good.  Good.
 5         THE COURT:  Anything else we need to address
 6    today?
 7         MS. SINGER:  No.
 8         MR. GROLAND:  Do we need a new date for the clerk
 9    for sentencing?
10         THE COURT:  Do you intend to present any evidence
11    regarding sentencing other than the presentence
12    investigation?
13         MR. GROLAND:  I don't know that I can answer that
14    at this time.  I think that's very likely that we will.
15         THE COURT:  We'll set a date on the regular
16    calendar for criminal general, the first criminal
17    general in excess of 30 days.
18         THE CLERK:  October 29th.
19         THE COURT:  October 29th will be the day.  If you
20    need additional hearing time, of course, we can move
21    it.  Once you make a request for specific amount of
22    time, we'll figure out what the schedule will allow.
23         MR. GROLAND:  Let me just check.  That's all.
24         MR. TEDDER:  What time on October 29th?
25         MR. GROLAND:  9 o'clock?
```

```
 1          THE COURT:  9:00 a.m.
 2          Anything else from the state?
 3          MS. SINGER:  Nothing, your Honor.
 4          THE COURT:  Anything else from the defense at this
 5   time?
 6          MR. GROLAND:  No, ma'am.
 7          THE COURT:  I'll allow Mr. Herlihy to be taken
 8   back into custody.
 9          Now, those of you who have been here throughout
10   this trial, as I said earlier, I know that this has
11   been a difficult trial for everyone that has been
12   involved in it.  I certainly want to compliment the
13   attorneys for both the state and the defense on their
14   professionalism in this case, and I want all of you to
15   know, who have participated in any way, that I
16   appreciate the manner in which you have conducted
17   yourselves throughout this trial.
18          With that, we will be in recess.
19          THE BAILIFF:  All rise.  The court will be in
20   recess.
21          (Which were all the proceedings had in the
22          above-entitled cause on the day and date
23          aforesaid.)
24
25
```

CERTIFICATE OF ACCURACY

STATE OF FLORIDA

COUNTY OF ALACHUA

I, Stacey Bryant, RPR, Judicial Court Reporter, and, Cheryl McDonough, RPR, Judicial Court Reporters, Eighth Judicial Circuit of Florida, do hereby certify that:

A jury trial was held in re: State of Florida vs. Brian Patrick Herlihy, Circuit Court of Alachua County, Florida, before the Hon. Martha Ann Lott, Circuit Judge, and a Jury, on September 10th - 25th, 2002.

That I was authorized to and did report the proceedings had during said jury trial and that the foregoing pages, numbered one through and including 2533, constitute a true and correct transcription of my stenographic notes taken aforesaid, which were reduced to printing under my personal supervision.

I further certify that I am neither of counsel nor related to or employed by any party to the action, nor financially interested in the outcome of said cause.

IN WITNESS THEREOF, I have hereunto affixed my hand on this 1st day of May, 2003.

_____    _____
Stacey Bryant, RPR,                Cheryl McDonough, RPR
Judicial Court Reporter            Judicial Court Reporter

Stacey K. Bryant, RPR
Judicial Court Reporter