# EXHIBIT KK-1

L05-1-32962



# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FIRST DISTRICT

| | |
|---|---|
| BRIAN HERLIHY, | Case No.    1DO5-5203 |
| Appellant, | Circuit Case No. 00-2753-CF-A |
| v. | |
| STATE OF FLORIDA | |
| Appellee. | |

## APPEAL FROM THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT IN AND FOR ALACHUA COUNTY, FLORIDA

### INITIAL BRIEF OF APPELLANT



DAVID MENGERS
FLA BAR #0562394
500 NE 8TH AVENUE
OCALA, FL 34470
(352) 622-5514 Phone
(352) 867-5111 Fax
(352) 895-6233 Cell
Davidmengers@earthlink.net

COUNSEL FOR APPELLANT

9.141 (b) Notice
12/6/05

# TABLE OF CONTENTS

|  | PAGE NO. |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF CITATIONS | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT REGARDING TYPE | 1 |
| STATEMENT OF THE CASE AND FACTS | 2 |
| SUMMARY OF ARGUMENT | 3 |
| ISSUE AND ARGUMENT | 5 |

WHETHER APPELLANT WAS DENIED

EFFECTIVE ASSISTANCE OF COUNSEL

BY HIS ATTORNEY'S FAILURE TO REQUEST

A FRYE HEARING AS TO THE ADMISSIBILITY

OF EVIDENCE OF "SHAKEN BABY SYNDROME."

| | |
|---|---|
| CONCLUSION | 14 |
| CERTIFICATE OF COMPLIANCE | 15 |
| CERTIFICATE OF SERVICE | 15 |

# TABLE OF CITATIONS

**TABLE OF CASES**                                                                                       **PAGE**

A.R. v. Dept. of Children and Families, 784 So.2d 622 (Fla 5th DCA 2001)        10

Anderson v. State, 276 So.2d 17 (FLA 1973)                                                    12

Barber v. State, 781 So.2d 425 (Fla 5th DCA 2001)                                         11

Brim v. State, 695 So2d. 268 (Fla. 1997)                                                      6, 7, 13, 14

Dixon v. State, 691 So.2d 515 (Fla.1st DCA 1999)                                          10

Frye v. United States, 293 F. 1013 (D.C. 1923)                                        2, 3, 6, 7, 8, 9, 11,
                                                                                                                 12, 13, 14

Johnson v. State, 796 So.2d 1227 (Fla. 2d DCA 2001)                                     8

Jones v. United States, 548 A.2d 35 (D.C. App. 1988)                                   14

Matos v. State, 899 So.2d 403 (Fla. 4th DCA 2005)                                        7

Moore v. State, 790 So.2d 489 (Fla. 5th DCA 2001)                                       11

N.L. v. Dept. of Ch. & Fam, 843 So.2d 996 (Fla.1st DCA 2003)                    10

People v. Miller, 670 N.E.2d 721 (Ill. 1996)                                                     14

Ramirez v. State, 810 So.2d 836 (Fla. 2001)                                                    7

Roeling v. State, 880 So.2d 1234 (Fla. 1st DCA 2004)                                     7

Strickland v. Washington, 466 U.S. 668,

    104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)      5

United States v. Hines, 55 F. Supp. 62 (D. Mass 1999)      12

United States v. Rutherford, 104 F. Supp. 2d 1190(D. Neb 2000)      12

United States v. Saelee, 162 F. Supp 2d 1097 (D. Alaska 2001)      12

United States v. Fujii, 152 F. Supp. 2d 939 (N.N. Ill. 2000)      12

Upshaw v. State, 805 So.2d 908 (Fla. 2d DCA 2001)      8

Wainwright v. State, 896 So.2d 695 (Fla. 2005)      5

Washington v. State, 737 So.2d 1208 (Fla. 1st DCA 1999)      10

## **PRELIMINARY STATEMENT**

The letter "M," followed by a number or letter, is used to designate the Motion to Vacate Sentence and Conviction Pursuant to Fla.R.Cr.P. 3.850 and the paragraph number corresponding thereto.

The letter "O," followed by a number or letter, is used to designate the Order appealed from and the paragraph number corresponding thereto.

## **STATEMENT REGARDING TYPE**

The style of type is Times New Roman. The size of type is 14 point.

1

## STATEMENT OF THE CASE AND FACTS

Appellant Brian Herlihy was charged with the offense of First Degree Murder related to the death of a child left in his care. The substance of the State's case was that the child was killed by shaking, allegedly consistent with a hypothesized "Shaken Baby Syndrome." Mr. Herlihy was found guilty of manslaughter on September 25, 2003. He was sentenced to serve fifteen years in prison on November 8, 2002.

On August 8, 2005, Mr. Herlihy, through counsel, filed a Motion to Vacate Sentence and Conviction Pursuant to Fla.R.Cr.P. 3.850.

The substance of the Motion to Vacate Sentence and conviction was that trial counsel failed to provide effective assistance of counsel by not requesting a Frye Hearing as to the admissibility of opinion testimony about the controversial theory known as "Shaken Baby Syndrome."

On September 29, 2005 Mr. Herlihy's Motion was denied without a hearing. This appeal followed.

2

## SUMMARY OF ARGUMENT

Appellant Brian Herlihy was deprived of effective assistance of counsel under the Sixth Amendment of the Constitution of the United States and under Article I, §§9 and 16 of the Constitution of the State of Florida when trial counsel failed to request a Frye hearing to challenge the admissibility of opinion testimony regarding "Shaken Baby Syndrome."

The trial in this case hinged on the theory of "Shaken Baby Syndrome," a theory of shaky validity. "Shaken Baby Syndrome" has not gained general acceptance in the medical field. Under the Frye test, which governs the admissibility of opinion testimony related to scientific matters, general acceptance in the relevant field is required.

Trial counsel had at its disposal abundant evidence the Shaken Baby Syndrome was not generally accepted in the medical community, including the testimony from the State's own witnesses. Nevertheless, trial counsel failed to request a Frye hearing.

Had trial counsel appropriately raised the issue, evidence of "Shaken Baby Syndrome" would have, or should have, been excluded from the trial. If the Court had erroneously admitted the evidence, the issue would have been preserved

3

for appellate review following a hearing in which the evidence could have been fully developed.

Failure to raise the issue constituted ineffective assistance of counsel.

Mr. Herlihy's Motion to Vacate Sentence and Conviction was legally sufficient to entitle him to an evidentiary hearing on the issue presented.

## **STANDARD OF REVIEW**

To prevail on a claim that defense counsel provided ineffective assistance of counsel, a defendant must demonstrate specific acts or omissions of counsel that are "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must also demonstrate prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

A defendant is entitled to an evidentiary hearing on any well-pled allegations in a motion for post-conviction relief unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient. Wainwright v. State, 896 So.2d 695 (Fla. 2005).

In cases where there has been no evidentiary hearing, the Court must accept the factual allegations made by the defendant to the extent that they are not refuted by the record. *Id.* at 698.

5

On issues of admissibility of opinion evidence regarding scientific matters, i.e. Frye issues, appellate review is de novo. Brim v. State, 695 So.2d 268, 274 (Fla., 1997). Appellate review of a Frye determination will be treated as a matter of law. *Id.* at 274.

## ARGUMENT: ISSUE ONE

WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S FAILURE TO REQUEST A FRYE HEARING AS TO THE ADMISSIBILITY OF EVIDENCE OF "SHAKEN BABY SYNDROME."

The factual background of this case was fully laid out in the Defendant's Motion to Vacate Sentence and Conviction Pursuant to Fla.R.Cr.P. 3.850.

The entire case turned on the question of whether the deceased child was killed by abuse or by some innocent cause. The Office of the State Attorney based its case solely on the so-called "Shaken Baby Syndrome."

Expert testimony is not admissible unless the expert is qualified to present an opinion on the issue, the testimony will assist the jury in determining a fact at

6

issue and the expertise can be shown to be generally accepted in the relevant scientific field. Frye v. United States, 293 F. 1013 (D.C. 1923). In Florida, the basic underlying principles of scientific evidence must be sufficiently tested and accepted by the relevant scientific community. Brim v. State, 695 So2d. 268, 272 (Fla. 1997).

An expert witness is normally permitted to testify relative to generally accepted scientific theory in the witness's area of expertise. Ramirez v. State, 810 So.2d 836 (Fla. 2001). When a court is faced with expert testimony based on a new or untried scientific theory, "scientific" reliability must be established as a predicate to "legal" reliability. *Id.* at 842.

The *Frye* test is "designed to ensure that the jury will not be misled by experimental scientific methods which may ultimately prove to be unsound. Roeling v. State, 880 So.2d 1234 (Fla.1st DCA 2004).

If the scientific community considers a procedure or process unreliable for its own purposes, then the procedure must be considered less reliable for courtroom use. Matos v. State, 899 So.2d 403 (Fla.4th DCA 2005).

Where a novel scientific theory is intended to be presented at trial, it is appropriate to file a motion for a Frye hearing to contest the admissibility of the

evidence. Failure to file appropriate motions is ineffective assistance of counsel. *See* Johnson v. State, 796 So.2d 1227 (Fla. 2d DCA 2001) (*failure to file a motion to dismiss a charge of trafficking in hydrocodone is ineffective assistance of counsel*). *See also* Upshaw v. State, 805 So.2d 908 (Fla. 2d DCA 2001) (*Failure to file a motion to suppress constitutes ineffective assistance of counsel*).

As is made plain by the Defendant's Motion, along with the attachments, "Shaken Baby Syndrome" is not a generally accepted scientific theory. Counsel for Mr. Herlihy should have requested a Frye hearing.

At the trial in this case, three State witnesses recognized the controversial state of the theory. State Witness Dr. William Hamilton recognized that "Some people do not believe it (shaken baby syndrome) exists. Some people believe that what we call shaken baby syndrome is really due to blunt impact injury to the head." M-14-B. State Witness Dr. Anne Dickinson recognized the existence of the Duhaime scientific study which concluded that the amount of force that could be created by shaking did not come anywhere near the force that would be needed to create damage to the brain. M-14-A. State Witness Dr. Bernard Maria acknowledged the findings of the Duhaime study, which found that it is impossible for a human being to shake a child hard enough to cause the kind of

8

force that's necessary to cause the brain injury in this case. M-14-C.

Defense witnesses Dr. Plunkett and Dr. Ronald Uscinski testified as well that "Shaken Baby Syndrome," as formulated by the State, was not a scientifically viable theory. *See* M-14-D--E.

The scientific literature, included in Mr. Herlihy's Motion to Vacate, amply demonstrate that the Shaken Baby Syndrome is not a generally accepted scientific theory. The originator of the theory, Dr. John Caffey, specifically recognized that evidence for the theory was "manifestly incomplete and largely circumstantial." Later scientific research has further undermined the dubious premises of the original theory. *See* M-15.

In its Order Denying Motion for Post-Conviction Relief, the lower court properly acknowledged that no Florida court has specifically addressed whether expert testimony on Shaken Baby Syndrome is subject to Frye testing. O-3. Nevertheless, the lower court denied the Defendant's Motion without a hearing on the grounds that "Florida appellate courts recognize Shaken Baby Syndrome as an accepted medical diagnosis and approve its use." O-3.

None of the cases cited by the lower court support the conclusion that Florida appellate courts have approved its use.

9

It is axiomatic that an appellate court can only rule on issues preserved below and raised on appeal. In one case cited, <u>Dixon v. State</u>, 691 So.2d 515 (Fla.1st DCA 1999), the issue of admissibility of Shaken Baby Syndrome was not presented to the appellate court.[1]

In <u>Washington v. State</u>, 737 So.2d 1208 (Fla. 1st DCA 1999) again, the issue of Shaken Baby Syndrome was not raised. It is worth mentioning, however, that in that case there was notable bruising to the child, unlike in the instant case.

<u>N.L. v. Dept. of Ch. & Fam</u>, 843 So.2d 996 (Fla.1st DCA 2003) involved a dependency case where the child suffered fractures to the right tibia, left tibia, and left humerus. In the instant case, there were no fractures. The relevant issue on appeal in that case, and presumably at trial, was not the mechanism of injury, but whether the mother know of the apparent perpetrator's violent propensity. Any discussion of the "Shaken Baby Syndrome" is dicta.

In <u>A.R. v. Dept. of Children and Families</u>, 784 So.2d 622 (Fla 5th DCA 2001), again, the issue presented was whether the mother knew of the apparent

---

[1] This case does suggest, however, that perhaps a Motion for Judgment of Acquittal should have been granted in Mr. Herlihy's case.

10

perpetrator's violent propensity, not the admissibility of opinion evidence based on the "Shaken Baby Syndrome."

In Barber v. State, 781 So.2d 425 (Fla 5th DCA 2001) the issue before the appellate court was Williams Rule evidence, not the admissibility or reliability of opinion testimony about "Shaken Baby Syndrome."

In Moore v. State, 790 So.2d 489 (Fla. 5th DCA 2001), again, the issue of the admissibility or reliability of opinion testimony was not raised. In Moore, the deceased child suffered from a skull fracture. As interpreted by the appellate court, the case apparently turned on the jury determining that to allow the baby to fall in a manner which produced a skull fracture, to recognize that the baby was noticeably inactive in the following two days, and to refrain from seeking medical counsel during this subsequent period, could constitute culpably negligent conduct which caused great bodily harm.

Regardless of whether opinion testimony regarding the "Shaken Baby Syndrome" has been admitted in Florida courts on some earlier occasions, the issue should have been raised by a Frye hearing.

Science, and the law as it relates to science, evolves.[2]  Phrenology was once regarded as valid science, but no longer is.[3]

Expert testimony on handwriting, once commonly admitted in court, have been excluded on several occasions in federal court.  *See e.g.* United States v. Saelee, 162 F. Supp 2d 1097 (D. Alaska 2001), United States v. Fujii, 152 F. Supp. 2d 939 (N.N. Ill. 2000), United States v. Rutherford, 104 F. Supp. 2d 1190(D. Neb 2000), United States v. Hines, 55 F. Supp. 62 (D. Mass 1999).

The Court in Frye wrote:

> Just when a scientific principle or discovery crosses the line between the experimental and demonstrable stages is difficult to define. Somewhere in this twilight zone the evidential force of the principle must be recognized, and while courts will go a long way in admitting expert testimony deduced from well recognized scientific principle or discovery, the thing from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which

---

[2]Except in Kansas, where the evolution of the law regarding science is that there is no evolution in science.

[3]Phrenologists believed that the human brain was divided into thirty-five separate areas, each with its own peculiar mental function. The sixth area, for example, was designated 'destructiveness.' It was located, we are told, above the ear because this was the widest part of the skull of carnivorous animals.  Anderson v. State, 276 So.2d 17 (FLA 1973), f.n. 2

12

it belongs. Frye at 1014.

Mr. Herlihy's Motion raised a valid issue of the scientific reliability and general acceptance of the "Shaken Baby Syndrome." Effective assistance of counsel required that the issue be raised through a Frye Hearing. As it turns out, Mr. Herlihy was convicted on the basis of "junk science."

Counsel respectfully suggests that the lower court, in denying him a hearing to substantiate the claims made in his Motion to Vacate the Conviction and Sentence. The Court incorrectly ignored the evidence that "Shaken Baby Syndrome" is not generally accepted in the relevant scientific field. The issue should have been heard on resolved on its merits.

Counsel further emphasizes the importance of conducting an evidentiary hearing. The law is on a dangerous course by accepting dubious scientific evidence without challenge. In Brim v. State, the Florida Supreme Court said:

> There are good reasons why the determination of general acceptance in the scientific community should not be left to the discretion of the trial court. Foremost is the fact that the general acceptance issue transcends any particular dispute. As one court put it, "[t]he question of general acceptance of a scientific technique, while referring to only one of the criteria for admissibility of expert testimony, in another sense transcends that particular inquiry, for, in attempting to establish such general acceptance for purposes of the case at hand, the proponent will also be

13

asking the court to establish the law of the jurisdiction for future cases." Brim v. State, 695 So2d. 268, 274 (Fla. 1997), *quoting* People v. Miller, 670 N.E.2d 721, 739 (Ill. 1996)(McMorrow, J., specially concurring), *quoting* Jones v. United States, 548 A.2d 35, 40 (D.C. App. 1988).

## CONCLUSION

Mr. Herlihy's Motion made a prima facie showing that he was convicted on the basis of a hypothesized "Shaken Baby Syndrome," a theory whose underlying principles of scientific evidence have not been sufficiently tested and accepted by the relevant scientific community.

Counsel should have raised the issue by requesting a Frye hearing. Failure to do so constituted ineffective assistance of counsel. Mr. Herlihy's Motion, unrebutted by the record, makes a prima facie showing that the opinion evidence about the "Shaken Baby Syndrome" would have, or should have been excluded at trial. Mr. Herlihy is entitled to a hearing on the issue.

Respectfully submitted this __11__ day of November, 2005.

_____
DAVID G. MENGERS
Fla. Bar # 0562394
500 NE 8th Avenue
Ocala, Florida 34470
(352) 622-5514
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the font requirements of Fla. R.App.P. 9.210.

DAVID G. MENGERS
Fla. Bar # 0562394
500 NE 8th Avenue
Ocala, Florida 34470
(352) 622-5514
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Office of the State Attorney, 8th Judicial Circuit, P.O. Box 477, Bronson, FL 32621; the Office of the Attorney General, Criminal Appeals Division, The Capitol, Tallahassee, FL 32399-1050; by hand/mail/fax delivery this 11 day of November, 2005.

DAVID G. MENGERS
Fla. Bar # 0562394
500 NE 8th Avenue
Ocala, Florida 34470
(352) 622-5514
ATTORNEY FOR APPELLANT