# EXHIBIT UU

IN THE

DISTICT COURT OF APPEAL

FIRST APPELLATE DISTRICT OF FLORIDA

| BRIAN P. HERLIHY, | |
|---|---|
| Appellant, | Case No. 1D08-1588 |
| | Postconviction Appeal/ Summary Denial Eighth Judicial Circuit Alachua County |
| v. | L.T. No. 02-2753-CF-A |
| STATE OF FLORIDA | |
| Appellee. | |

**INITIAL BRIEF OF APPELLANT**

MARY ELIZABETH FITZGIBBONS
Fitzgibbons Law Firm, P.A.
917 Verona Street.
Kissimmee, FL 34741
Phone: 407-343-1777
Fax:  407-343-1677
Fla. Bar No.: 0056480
Counsel for Appellant

# A. TABLE OF CONTENTS

                                                                                                          Page

A. TABLE OF CONTENTS ...............................................................2

B. TABLE OF CITATIONS ..............................................................3

C.
    1.     Cases.........................................................................3

    2.     Statutes......................................................................3

    3.     Other Authority........................................................... 3

D. STATEMENT OF THE CASE AND OF THE FACTS........................................................................................4

E. SUMMARY OF ARGUMENT.........................................................7

F. ARGUMENT AND CITATIONS OF AUTHORITY................7

The postconviction court erred by summarily denying Appellant Herlihy's postconviction motion.........................................................7

1. Standard of Review..................................................................7

2. Argument on the Merits............................................................8

    a.     Ground One...............................................................10

    b.     Ground Two...............................................................16

G. CONCLUSION.........................................................................17

H. CERTIFICATE OF SERVICE ............................................18

I. CERTIFICATE OF COMPLIANCE................................... 18

## B. TABLE OF CITATIONS

                                                                    Page
**1.   Cases**

*Byrden v. State*, 847 So. 2d 572, 573 (Fla. 1st DCA 2003)................15

*Crumnite v. State*, 842 So. 2d 271 (Fla. 1st DCA 2003)....................7

*Flores v. State*, 662 So. 2d 1350 (Fla. 2d DCA 1995).......................8

*Frye v. United States*, 293 F. 1013 (D.C.Cir.1923).........................4

*Herlihy v. State*, 887 So.2d 332 (Fla. 1st DAC 2004).......................4

*Herlihy v. State*, 927 So.2d 146 (Fla. 1st DAC 2006).......................4

*Jefferson v. State*, 799 So. 2d 322 (Fla.3d DCA 2001).....................7

*Jones v. State*, 384 So. 2d 736 (Fla. 4th DCA 1980)........................7

*Owen v. Crosby*, 854 So. 2d 182, 186 (Fla. 2003)...........................9

*Vencil v. State*, 715 So. 2d 334, 335-336 (Fla. 1st DCA 1998)............8

*White v. State*, 964 So. 2d. 1278 (Fla. 2007)...............................12

*Burns v. State*, 850 So. 2d 1229, 1230 (Fla. 1st DCA 2003)..............12

**2.   Other Authority**

Fla. R. App. P.9141(b)(2)(D).................................................7

Fla. R. Crim. P.3.850..................4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16

Fla. R. Crim. P.3.850(d)......................................................9

Fla. R. Crim. P.3.850(f)....................................................9, 16

## C. STATEMENT OF THE CASE AND OF THE FACTS

This case presents an appeal of the summary denial of a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In 2002, Brian Patrick Herlihy (hereinafter Appellant Herlihy) was convicted of manslaughter in connection with the death of four-month-old Robert Quirello (herinafter Baby Quirello). (R. Vol. I at 1). Appellant Herlihy was sentenced to fifteen years' imprisonment. (R. Vol. I at 1). On appeal, this Court *per curiam* affirmed the convictions and sentences. *See* Herlihy v. State, 887 So.2d 332 (Fla. 1st DCA 2004).

On August 10, 2005, Appellant Herlihy filed a Rule 3.850 motion via counsel David Mengers, Esq. (R. Vol. I at 2). That Motion presented only one ground for relief, *i.e.*, the failure of trial counsel to request a hearing under Frye v. United States, 293 F. 1013 (D.C.Cir. 1923), to determine the admissibility of the medical diagnosis offered by State witness(es) that the death of Baby Quirello was caused by the so-called Shaken Baby Syndrome ("SBS"). (R. Vol. I at 2). This initial Rule 3.850 Motion was denied without an order to show cause on September 29, 2005. (R. Vol. I at 2). On appeal, this Court *per curiam* affirmed the decision. *See* Herlihy v. State, 927 So.2d 146 (Fla. 1st DCA 2006).

4

On August 25, 2006, Appellant Herlihy filed a subsequent Rule 3.850 motion. (R. Vol. I at 2). In this subsequent motion, Appellant Herlihy raised two claims of ineffective assistance of counsel: (1) that his trial attorneys failed to conduct reasonable pretrial investigation by following up on key information presented by medical expert Dr. Viera Scheibner in a report citing vaccine injury and other causes for Baby Quirillo's medical crisis and death, discovering other important medical issues, and/or presenting this critical information to the jury (hereinafter "Ground One"); and (2) that his trial attorneys failed to call Detective Weaver as a defense witness to impeach Detective Legall regarding the purported confession of Appellant Herlihy (hereinafter "Ground Two"). (R. Vol. I at 2-3).

Ground Two was denied in an Order dated February 9, 2007. (R. Vol. I at 3). On February 13, 2007, the State filed a Motion to Strike, or in the Alternative, State's Response to Defendant's Rule 3.850 Motion for Post-Conviction Relief. (R. Vol. IV at 490-505). A hearing was held on September 28, 2007 to consider the State's motion. (R. Vol. V at 780). Thereafter, in a subsequent Order dated October 29, 2007, the post-conviction Court dismissed Ground One without prejudice, indicating that if Appellant Herlihy intended to refile Ground One, he would be permitted to do so within thirty (30) days, and then, he would be entitled to appeal the

5

denial of Ground Two within thirty (30) days of the ruling on Ground One. (R. Vol. I at 3).

In reliance on this Order, Appellant Herlihy re-filed Ground One with the Court on November 28, 2007, styled as a Motion for Post-Conviction Relief, with additional documentation supporting his claim. (R. Vol. I at 1-28). Contemporaneously, on November 28, 2007, Appellant Herlihy moved for leave to further supplement his 3.850 Motion. (R. Vol. I at 29-30). Thereafter, the motion for leave to supplement was granted in an Order dated February 5, 2008, and on February 14, 2008, a request for an extension of time was granted orally to permit Appellant Herlihy additional time to supplement his 3.850 Motion on or before March 3, 2008. (R. Vol. I at 32-34).

On March 3, 2008, Appellant Herlihy timely filed an additional affidavit in support of his Rule 3.850 Motion. (R. Vol. I at 35-46). That same day, the post-conviction Court summarily denied Ground One of Appellant Herlihy's Rule 3.850 Motion in a Final Order Denying Motion for Post-Conviction Relief (hereinafter also referred to as the "Final Order"). (R. Vol. I at 47-50). A notice of appeal was timely filed, and this appeal follows.

## D. SUMMARY OF ARGUMENT

Appellant Herlihy submits that the post-conviction Court erred by summarily denying his Rule 3.850 Motion. In his Rule 3.850 Motion, Appellant Herlihy alleged ineffective assistance of counsel on two separate grounds that differed from those asserted in his initial claim for post-conviction relief. The post-conviction Court's Order and the record attachments relied upon by the post-conviction Court do not conclusively refute Appellant Herlihy's allegations. Accordingly, Appellant Herlihy is entitled to an evidentiary hearing on his post-conviction claims.

## E. ARGUMENT AND CITATIONS OF AUTHORITY

**The post-conviction Court erred by summarily denying Appellant Herlihy's Rule 3.850 Motion.**

### 1. Standard of Review

Under the applicable standard of review, "[o]n appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief". Fla. R. App. P. 9.141(b)(2)(D). *See also* Jefferson v. State, 799 So. 2d 322 (Fla. 3d DCA 2001); Jones v. State, 384 So. 2d 736, 737-38 (Fla. 4th DCA 1980). In Crumnite v. State, 842 So.2d 271, 273 (Fla. 1st DCA 2003), the First District

7

Court of Appeal reiterated that the following standard applies when an appellate court reviews a summary denial of a post-conviction motion:

> For this Court to uphold the trial court's summary denial of the claims raised in a [R]ule 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Furthermore, when no evidentiary hearing is conducted on such claims, this Court must accept the appellant's factual allegations to the extent they are not refuted in the record.

(citations omitted). In conducting its review, the appellate court should be mindful that "[d]ocuments prepared to refute claims in a post-conviction motion are not substitutes for an evidentiary hearing, whether they be affidavits . . . a written statement by a defense attorney responding to accusations of ineffectiveness . . . [or] a court ordered response." Flores v. State, 662 So.2d 1350, 1351-1352 (Fla. 2d DCA 1995). Nor should a post-conviction motion be denied without holding a hearing based on information obtained after the filing of the motion and from sources outside the record. *See* Vencil v. State, 715 So.2d 334, 335-336 (Fla. 1st DCA 1998).

### 2. Argument on the Merits

As a threshold matter, Appellant Herlihy acknowledges that the instant Rule 3.850 Motion constitutes a "second try" at post-conviction relief. In general, a post-conviction Court has the authority to deny as legally successive such a Rule 3.850 Motion presenting new grounds, if: "the judge finds that it fails to allege new or different grounds for relief and

8

the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by [the] rules." Fla.R.Crim.P. 3.850(f); *see also* Owen v. Crosby, 854 So.2d 182, 186 (Fla. 2003). Here, there was no basis for any finding that Appellant Herlihy's subsequent Rule 3.850 Motion, asserting new and different grounds for relief, constituted an abuse of process. In addition, Appellant Herlihy also set forth a reason for the delay in raising Ground One in his subsequent Rule 3.850 Motion that was not conclusively refuted by the record. *See* discussion of Ground One, *infra*. Moreover, his initial post-conviction claim was summarily denied as legally and/or factually insufficient, further justifying consideration of his subsequent Rule 3.850 Motion.

Further, the post-conviction Court's summary denial was contrary to the plain language of Rule 3.850. The Rule provides in pertinent part that "[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing . . . [and] a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order." Fla. R. Crim. P. 3.850(d). Hence, the facts and matters stated in the post-

9

conviction motion must be treated as true, unless conclusively refuted by the record. In this case, the motions, files and records *do not* conclusively show that Appellant Herlihy is entitled to no relief. Thus, as discussed more fully below, the post-conviction court erred by summarily denying Appellant Herlihy's claims.

### a. Ground One

In Ground One of his subsequent Rule 3.850 Motion, Appellant Herlihy claimed that his trial attorneys failed to conduct reasonable pretrial investigation by not: following up on key information presented by medical expert Dr. Viera Scheibner in a report citing vaccine injury and other causes for Baby Quirillo's medical crisis and death, discovering other important medical issues, and/or presenting this critical information to the jury. (R. Vol. I at 2-3). As noted by the post-conviction Court, Appellant Herlihy further alleged, *inter alia*, that trial counsel was ineffective for failure to "'share the findings [of Dr. Scheibner's report] with [him]'"; for failure to "'discover other key medical information regarding [Baby Quirillo] with the assistance of these findings'"; and, for failure to "'utilize any of this missing, key medical information during pre-trial preparation and trial.'" (R. Vol. I. at 48).

As an initial basis for denying relief on Ground One of Appellant Herlihy's Rule 3.850 Motion, the post-conviction Court found in its Final Order that both his mother, Lois Herlihy, and his trial counsel were aware of the contents of Dr. Scheibner's report prior to trial. (R. Vol. I at 48). Even assuming *arguendo* this is true, it does not in any way refute the allegation of Appellant Herlihy that his subsequent Rule 3.850 Motion was not "successive" because *he* was unaware of the key information contained in and/or flowing from Dr. Scheibner's report before trial, during trial, or at the time Attorney Mengers filed his initial claim for post-conviction relief. (R. Vol. I at 5). This allegation remains unrefuted by the record, and hence, it should have been resolved via evidentiary hearing.

Nor should this post-conviction Court have used this information concerning the knowledge of third-parties as to the existence of Dr. Scheibner's report to limit the scope of Appellant Herlihy's substantive claims as to Ground One. The post-conviction Court concluded in its Final Order that based on the knowledge of Mrs. Herlihy and trial counsel of the mere existence of the expert's report, "[t]he only [remaining] issue is whether counsel erred by filing to pursue the information contained in the report." (R. Vol. I at 48). This conclusion is plain error. Even assuming *arguendo* that Mrs. Herlihy and trial counsel knew of the existence of the

11

report, Appellant Herlihy alleged, *inter alia*, that trial counsel was ineffective for failure to "'share the findings [of Dr. Scheibner's report] with [Defendant].'" (R. Vol. I at 48). The post-conviction Court cannot utilize the fact that other people knew about the existence of the expert's report to improperly limit the scope of Appellant Herlihy's claim in this fashion. Indeed, all of the allegations as to Ground One – including but not limited to trial counsel's failure to share the findings of Dr. Scheibner's report with Appellant Herlihy -- remain unrefuted by the record. Hence, these allegations should have been resolved by an evidentiary hearing rather than a summary denial.

In addition, the post-conviction Court also purports to deny Appellant Herlihy relief on Ground One in its Final Order for substantive reasons because "it is undisputed that counsel did use two medical experts on 'Shaken Baby Syndrome' both prior to and during trial" and those experts were "'recognized authorit[ies] on Shaken Baby Syndrome (SBS) . . .'" whereas "Dr. Scheibner is not a medical doctor and her report does not express a medical opinion." (R. Vol. I at 49). Essentially, the post-conviction Court holds, on its own initiative, without citation to the record, that the expert opinion of an individual who is not a medical doctor is of no value in assisting other experts (including medical doctors) in determining

12

the causation of Baby Quirillo's illness and death. This holding is doubly flawed, not only because the post-conviction Court cannot point to any record support for its conclusion, but also because the Court itself has tacitly departed from its judicial role and made a key assumption (*i.e.*, regarding the potential value of the information in Dr. Scheibner's report to other defense experts, including medical doctors) on a matter that is not in evidence and wholly within the purview of expert medical testimony.

The post-conviction Court further errs by denying relief on Ground One on the basis that "Defendant fails to show how trial counsel's decision to present a defense based on the opinion of two prominent, renowned and recognized medical experts on SBS, rather than a defense based on the opinion of Dr. Scheibner, was error." (R. Vol. I at 49). In so doing, the Court has seriously misstated Appellant Herlihy's Ground One claims as an "either-or" proposition: that is, the Court mistakenly frames the issue on post-conviction relief as *either* trial counsel should have presented a defense based on medical experts on SBS *or* a defense based on the opinion of Dr. Scheibner. (R. Vol. I at 49). This is simply not what Appellant Herlihy alleged in his subsequent Rule 3.850 Motion.

Rather, in his subsequent Rule 3.850 Motion, Appellant Herlihy alleged that the jury should have been apprised of the "additional medical

13

crises of Baby Quirillo discussed in the report of Dr. Scheibner that, unfortunately, were never revealed to them during trial." (R. Vol. at 7). In no way did Appellant Herlihy ever suggest that trial counsel was wrong to present a defense, based on medical experts, that SBS was "junk science." But that was just the initial step towards presenting an effective defense in this infant death case. As stated in Appellant Herlihy's Rule 3.850 Motion, "an attack on SBS theory in general as a form of 'junk science' is a defensive tactic . . . distinct from any detailed inquiry into the actual cause(s) of Baby Quirllo's medical crises and death." (R. Vol. I at 5). In his Rule 3.850 Motion, Appellant Herlihy uses a comparison to further explain the serious problem caused by trial counsel's failure to take the next, essential defensive step in investigating this medically complex case: "[b]y analogy, what if trial counsel had failed to present to the jury that Baby Quirillo was a haemopheliac infant prone to sudden bleeding? Should such deficient performance by defense counsel be immunized from relief . . . simply because defense counsel previously . . . attacked the theory of SBS, as a general principle?" (R. Vol. I at 6). In effect, the post-conviction Court mistakenly attempts to prevent Appellent Herlihy from asserting consistent yet distinct defenses, without a valid factual or legal basis for doing so.

14

As previously stated, all of the allegations as to Ground One remain unrefuted by the record. The post-conviction Court's failure to properly state and frame the issues presented by Appellant Herlihy should not preclude an evidentiary hearing on his claims. Hence, these allegations should have been resolved by an evidentiary hearing rather than a summary denial.

Based on the argument set forth above, Appellant Herlihy's claims as to Ground One were facially valid and the claims are not refuted by the record. *See* Crumitie, *supra*, 842 So 2d at 273 ("For this Court to uphold the trial court's summary denial invalid or conclusively refuted by the record."). Because the attachments to the post-conviction Court's order do not conclusively demonstrate that Appellant Herlihy is entitled to no relief, the case should be remanded for further proceedings. *See* Byrden v. State, 847 So. 2d 572, 573 (Fla. 1st DCA 2003) ("We are, however, constrained to reverse the summary denial of the remaining claim because the portions of the record attached to the trial court's order do not demonstrate conclusively that appellant is entitled to no relief").

Accordingly, the post-conviction Court erred by summarily denying Appellant Herlihy's claims as to Ground One, and Appellant Herlihy is entitled to an evidentiary hearing.

15

### a. Ground Two

In Ground Two of his subsequent Rule 3.850 Motion, Appellant Herlihy claimed that his trial attorneys failed to call Detective Weaver as a defense witness to impeach Detective Legall regarding the purported confession of Appellant Herlihy. (R. Vol. I at 3). As a threshold matter, Appellant Herlihy submits that Ground Two of his Rule 3.850 Motion was not impermissibly "successive" from a legal standpoint, as determined by the post-conviction Court, because his initial post-conviction claim was summarily denied as legally and/or factually insufficient and there is no basis for concluding his subsequent filing of this new claim constituted an abuse of procedure within the meaning of Rule 3.850(f). Fla.R.Crim.P. 3.850(f).

Moreover, there was no valid basis for the post-conviction Court to deny Appellant Herlihy relief on Ground Two for substantive reasons as the claim in question was facially valid, and not refuted by the record. *See* Crumitie, *supra*. Because the attachments to the post-conviction Court's orders relating to Ground Two do not conclusively demonstrate that Appellant Herlihy is entitled to no relief, the case should be remanded for further proceedings. *See* Byrden, *supra*. In conclusion, the post-conviction Court further erred by summarily denying Appellant Herlihy's claim as to

16

Ground Two, and Appellant Herlihy is entitled to an evidentiary hearing on this basis as well.

## F. CONCLUSION

Based on all of the foregoing, the appropriate remedy in this case is to reverse and remand Appellant Herlihy's case for an evidentiary hearing.

## G. CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to: Office of the Attorney General, Criminal Appeals, The Capitol, PL-01, Tallahasee FL 32399-1050, via U.S. mail delivery, postage pre-paid this ___ day of July, 2008.

By: _____
Mary Elizabeth Fitzgibbons
Fitzgibbons Law Firm, P.A.

## H. CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this brief complies with the font requirements of R. 9.210 and features Times New Roman font size 14.

By: _____
Mary Elizabeth Fitzgibbons
Fitzgibbons Law Firm, P.A.
917 Verona Street
Kissimmee, FL 34741
Phone: 407-343-1777
Fax: 407-343-1677
Fla. Bar No.: 0056480
Counsel for Appellant

18