# EXHIBIT VV

L08-1-11939
7/8/08

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT OF FLORIDA

BRIAN P. HERLIHY,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

CASE NO. 1D08-1588

### NOTICE THAT STATE WILL NOT FILE ANSWER BRIEF PURSUANT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.141(b)

This is an appeal from the summary denial of a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853. Briefs are not required pursuant to Florida Rule of Appellate Procedure 9.141(b) which prescribes that the summary denial should be reversed and remanded "unless the record shows conclusively that the appellant is entitled to no relief". The severely abbreviated record is limited to "the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing , and attachments to any of the foregoing, together with the certified copy of the notice of appeal." The narrow scope of appellate review does not permit the court to address the actual merits of the motion itself and neither party is permitted to supplement the appellate record to conclusively show that relief on the merits is or is not appropriate. Sorgman v. State, 549 So. 2d 686 (Fla. 1st DCA 1989); Parker v. Dugger, 660 So. 2d 1386 (Fla.



1995); McClain v. State, 629 So. 2d 320 (Fla. 1st DCA 1993); Thames v. State, 454 So. 2d 1061 (Fla. 1st DCA 1984). Further, revised rule 9.141(b)(2)(B) by its terms does not require that the clerk of the lower court provide the parties with a copy of the record on appeal or an index, which strongly suggests that the rule heavily disfavors briefing by the parties[1].

Despite the fact that it is not required or helpful, appellant has filed an initial brief. Nevertheless, an answer brief is not necessary and certainly not helpful under the rule as it now exists.

For the foregoing reasons the State does not intend to file an answer brief.

---

[1] The state is aware that this court issued Administrative Order 02-2 on 18 January 2002 ordering court clerks to index and paginate the record and provide copies to the parties in all rule 9.141(b) appeals as they did prior to the rules change. Summers v. State, 570 So.2d 990 (Fla. 1st DCA 1990).

## ATTORNEY SIGNATURE AND CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice has been furnished to Mary Elizabeth Fitzgibbons, Esq., 917 Verona Street, Kissimmee, FL 34741, by mail on July 8th , 2009.

Respectfully submitted,

BILL MCCOLLUM
ATTORNEY GENERAL

*Jennifer J. Moore*
JENNIFER J. MOORE
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 0495921
OFFICE OF THE ATTORNEY GENERAL
PL-01   THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
(850) 922-6674 Facsimile

COUNSEL FOR RESPONDENT
[AGO# L08-1-11939]

[C:\Users\Criminal\Pleading\08111939\Herlihypcnotice.wpd --- 7/8/08,2:48 pm]